284

No. 17,983.

JOHN B. VESSA, ET AL. *v.* AVERILL JOHNSON, ET AL.
(310 P. [2d] 564)

Decided April 22, 1957. Rehearing denied May 20, 1957.

Messrs. GORSUCH, KIRGIS, CAMPBELL, WALKER & GROVER, for plaintiffs in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. ROBERT F. CARR, Assistant, for defendants in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the Court.

On May 21, 1956, plaintiffs in error Vessa and Colorado Association of Plumbing Contractors filed an action for relief in the nature of mandamus against defendants to compel defendants to establish a classification of chief plumbing inspector, deputy plumbing inspector or plumbing inspector and to hold an examination therefor in accordance with the laws and statutes of Colorado.

It is alleged that Vessa brought this action on his own behalf and on behalf of those similarly situated whose rights as plumbers are being infringed by the refusal of defendants to recognize the classification or hold examinations for chief plumbing inspector or deputy plumbing inspector.

It is alleged that plaintiff Colorado Association of Plumbing Contractors is a corporation existing under the laws of the State of Colorado, and is composed of members who have had practical experience as plumbers, and whose rights are being infringed. The authority to bring this action on behalf of the corporation is not stated, and such authority is required for such corporate actions, and there is no showing by the corporate association that the action be and is in a representative capacity of the members of the association.

The Attorney General filed a motion to dismiss the complaint on the ground that the petition did not state a claim upon which relief could be granted. This motion was, on the 5th day of April, 1956, granted; the court dismissed the petition; judgment of dismissal was entered thereon; and this judgment is the subject of this review.

The principal contention of plaintiffs in error is that

the failure of the Commission to hold an examination is proper subject for judicial review.

At the outset, it is well to have in mind that defendants in error are the individual members of the Civil Service Commission of the State of Colorado.

It is alleged that the position of chief plumbing inspector has been vacant since the retirement of the previous holder of this position of two years ago; and that the commission has refused to recognize a classification in civil service or to hold an examination or to fill the vacancy so created.

It is the contention of the Attorney General that the Civil Service Commission is authorized only to fill positions in classified service and has no authority to create positions or to determine the need for filling such positions that may or can exist. Further, that the commission is required to hold an examination only when a job or position exists and proper request is made for filling of the same by the head of a department, and when no eligible list exists for that position. This discussion may be shortened by going directly to the controlling question so far as this particular case is concerned, namely: Did the petition state a claim upon which relief could be granted? It is obvious, as we will later reveal, that it did not, and the action of the trial court in sustaining the motion to dismiss on that ground was correct.

If plaintiffs could state a cause of action at all, it would be against the state department of public health, which is not a party to this action. After giving the department of public health the general power of supervision of the interests of the health and life of the citizens of the state, and the sanitary conditions under which they live, and authorized it to make rules and regulations covering such matters that would have the effect of law if not in conflict with any statute, the Legislature then enacted the following statute, C.R.S. '53, 107-1-2, as follows:

"Plumbing inspectors.—The state department of public

health may employ, pursuant to article XII, section 13 of the constitution, and with approval of the governor, such assistants, employees, and plumbing inspectors as shall be deemed necessary to carry out the purposes of this article and the rules and regulations of the department. Each plumbing inspector shall be qualified from practical experience. The inspectors shall be employees of the department of public health and subject to its rules and regulations. Each plumbing inspector shall be reimbursed for his actual traveling expenses. All compensation, salaries, and expenses incurred by the department of public health in the operation of this article shall be paid out of the general fund of the state treasury and charged against the appropriation account of the state department of public health."

Moreover, the Legislature then authorized the department of public health to conduct examinations for and licensing of journeymen plumbers and master plumbers, and created a board for that purpose to be known as the "Examining Board of Plumbers," whose duty it is to examine all applicants for license as plumbers and certify results to the department of public health.

The use of plumbing inspectors to enforce the provisions of statutes concerning the department of public health is wholly discretionary with the department, and this function is not open to usurpation by the Civil Service Commission. It is fundamental that the function of the Civil Service Commission is to determine, upon request, who should occupy positions that are lawfully created. This function has been scrupulously followed by the Commission throughout its long existence in this state. The Commission promulgated rules and regulations, among which is the following:

"A department head who requests a classification of a new position should submit a job description (Form PC-8) which fully outlines the duties and responsibilities to be assigned to the position. Generalities should be avoided. Factual and specific description must be given

in accordance with the following classification factors: * * * "

 If a request from proper officials is made, the Commission fills such position from an eligible list if such exists, if not, it then holds a competitive examination for the position, and in the meantime, may make a provisional appointment until the results of the examination are obtained. It is not alleged that the Commission in this case has received any such request from the department of public health as provided in the statute herein set out. Wide discretion is in the department of public health as to the manner in which it accomplishes and performs its duty by the employment of assistants or employees.

 In conclusion, we refer to an earlier statement in this opinion, that plaintiffs, if they have a cause of action, have instituted same against the wrong party. It is obvious that the department of health makes the determination as to what is needed and the Civil Service Commission cannot substitute its judgment for that of other departmental heads as to what positions should be filled. To hold otherwise would leave an open door for many persons to besiege the Commission in their search for positions in which they would like to be employed.

The judgment of dismissal of plaintiffs' petition was correct and therefore is affirmed.